

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-15,305-03

**EX PARTE MARK TWAIN SIMPSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-56596-K(A)
### IN THE CRIMINAL DISTRICT COURT NO. 4 FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Applicant was convicted of robbery and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Simpson v. State*, 05-14-00618-CR (Tex. App.—Dallas April 20, 2015)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that counsel was ineffective and that he is being improperly denied street time credit on this sentence for time spent on appellate bond. If a person is on appellate bond, the mandate on his appeal issues, but he is not notified that his appeal is affirmed, and he does not

violate his bond, then he may be entitled to time credit for the time he is erroneously allowed to be out of custody from the time the mandate issues until the time he is taken into custody to serve the sentence. *Ex parte Thiles*, 333 S.W.3d 148 (Tex. Crim. App. 2011).

The trial court finds that Applicant was never informed that his conviction was affirmed on appeal and that he never violated his appellate bond. It therefore recommends that Applicant receive time credited on his sentence. We agree.

Relief is granted on the time credit issue only. Applicant is to receive time credit in this cause from the time the mandate on his direct appeal issued on May 14, 2016, until June 4, 2019, when he was taken into custody. His claims of ineffective assistance of counsel are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: August 23, 2023
Do Not Publish